UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**ALEXANDER PETROSKI**

    **Plaintiff,**

v.                                                  Case No.  8:07-cv-1016-T-27TBM

**INTERNAL REVENUE SERVICE,**

    **Defendant.**
_____/

**REPORT AND RECOMMENDATION**

THIS MATTER is before the court on Plaintiff's motion to proceed *in forma pauperis* (Doc. 2).  Upon review, his Affidavit of Indigency (Doc. 2) indicates that Plaintiff lacks the resources necessary to pay the filing fee for this action.  However, because I find that the Complaint is frivolous or fails to state a claim, I recommend that the court dismiss this action.

I.

28 U.S.C. § 1915 provides that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . is frivolous [or] fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(i), (ii).  This provision accords judges the authority "to dismiss a claim based on an indisputably meritless legal theory" or "those claims whose factual contentions are clearly baseless."  Neitzke v. Williams, 490 U.S. 319, 327 (1989); Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002).  In other words, an action may be dismissed as frivolous when the plaintiff "has little or no chance of success,"

Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993) (citing Harris v. Menendez, 817 F.2d 737, 741 (11th Cir. 1987)) or the "plaintiff's realistic chances of ultimate success are slight." Sun v. Forrester, 939 F.2d 924, 925 (11th Cir. 1991) (quoting Moreland v. Wharton, 899 F.2d 1168, 1170 (11th Cir. 1990)).

A district court's authority to dismiss a complaint as frivolous under section 1915(e) is broader than dismissal under Rule 12 of the Federal Rules of Civil Procedure. Sun, 939 F.2d at 925 (citing Menendez, 817 F.2d at 739-40). However, the court should liberally construe *pro se* pleadings and hold them to a less stringent standard than pleadings drafted by attorneys. Hughes v. Lott, 350 F.3d 1157, 1159-60 (11th Cir. 2003) (quoting Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998)).

II.

Plaintiff initiated this action by filing a Complaint (Doc. 1) and the instant Affidavit of Indigency (Doc. 2) and incorporated application to proceed *in forma pauperis*. The Complaint purports to raise a claim for damages under 26 U.S.C. § 7431 for the intentional and/or negligent unlawful disclosure of confidential tax return information by certain named and other unknown agents or employees of the Internal Revenue Service ("IRS"). See (Doc. 1 at ¶ 1). Specifically, Plaintiff complains that IRS agents Andra Kullman and Bryan Morris caused to be filed four Notices of Federal Tax Liens ("tax liens") with the Clerk of the Circuit Court, Pinellas County, Florida.[1] Id. at ¶¶ 9-12. Additionally, Plaintiff alleges the failure of

---

[1]These liens, filed on July 16, 1998; November 23, 1998; December 25, 1998; and October 14, 2004, identify the Plaintiff and allege liability in the amounts of $5,904.93, $22,216.01, $2,304.41, and $14,165.21, respectively. See (Doc. 1 at ¶¶ 9-12, Exhs. A-1 through A-4).

the IRS to perfect the tax liens within sixty days as required by Florida Statutes 713.22; failure of the IRS to certify the tax liens in accordance with the Florida and Uniform Federal Lien Registration Act; a violation of his due process rights; failure of Agents Kullman and Morris to follow Internal Revenue Manual ("IRM") rules and regulations, particularly section 5.12.2.5(1) and (2), which require Revenue Officer Group Managers to review and approve of lien filings.  Plaintiff alleges that he has suffered substantial personal embarrassment, loss of goodwill, and mental anguish, and he seeks an award of statutory damages or actual damages, punitive damages, and fees and costs.

As a general rule, taxpayers' returns and return information shall be confidential.  26 U.S.C. § 6103(a).  "Return information" is broadly defined to include

> a taxpayer's identity, the nature, source, or amount of his income, payments, receipts, deductions, exemptions, credits, assets, liabilities, net worth, tax liability, tax withheld, deficiencies, overassessments, or tax payments, whether the taxpayer's return was, is being, or will be examined or subject to other investigation or processing, or any other data, received by, recorded by, prepared by, furnished to, or collected by the Secretary with respect to a return or with respect to the determination of the existence, or possible existence, of liability (or the amount thereof) of any person under this title for any tax, penalty, interest, fine, forfeiture, or other imposition, or offense.

Id. § 6103(b)(2). Section 7431(a)(1) authorizes civil actions for damages against the United States "[i]f any officer or employee of the United States knowingly, or by reason of negligence, inspects or discloses any return or return information with respect to a taxpayer in violation of any provision of section 6103."  Id. § 7431(a)(1).  This prohibition applies to return or return information obtained by the governmental employee in any manner in connection with his service as such an employee, but it does not apply with regard to any

disclosure which results from a good faith but erroneous interpretation of section 6103. See id. §§ 6103, 7431(b)(1).

The statute of limitations requires an action brought under section 7431 to be commenced within two years after the plaintiff's discovery of the unauthorized disclosure. See id. § 7431(d). The liens that form the basis of the instant action were filed on July 16, 1998; November 23, 1998; December 25, 1998; and October 14, 2004. See (Doc. 1 at ¶¶ 9-12, Exhs. A-1 through A-4).

More significantly, the filing of notices of tax liens are exempted from the prohibitions of section 6103. By statute and regulations promulgated thereunder, the IRS and its agents are permitted to disclose tax return information to the extent necessary to locate assets in which a taxpayer has an interest, to effect a lien or levy, or to seize or sell assets to collect taxes due. See 26 U.S.C. §§ 6103(k)(6), 6331(a); 26 C.F.R. § 301.6103(k)(6)-1.[2] Under this Treasury regulation, "[t]he validity of the underlying levy is irrelevant to the issue of whether the disclosure was authorized by section 6103(k)(6)." 26 C.F.R. § 301.6103(k)(6)-1. Furthermore, the notice is sufficient if it is given in the form called for by section 6323(a) without regard to the general requirements for recording under the laws of the state. United States v. Winterburn, 749 U.S. 1283, 1286 (9th Cir. 1984) (citing United States v. Union Cent.

---

[2]Although the Eleventh Circuit has not addressed this issue directly, numerous courts from other jurisdictions has construed the IRS code and regulations to permit such disclosure. See Ball v. United States, No. 94-2125, 1995 WL 84635, at *2 (7th Cir. Feb. 28, 1995) (citing Long v. United States, 972 F.2d 1174 (10th Cir. 1992); Maisano v. United States, 908 F.2d 408 (9th Cir. 1990)); Niemela v. United States, No. 92-2192, 1993 WL 198171, at *4 (1st Cir. June 11, 1993); Lutz v. United States, No. 90-5226, 1990 WL 193066, at *4, n.2 (6th Cir. Dec. 6, 1990); Korman v. I.R.S., No. 06-80848-CIV-COHN, 2007 WL 404041, at *2 (S.D. Fla. Feb. 2, 2007).

Life Ins. Co., 368 U.S. 291, 296 (1961).  Under section 6323(f)(1)(A), the notice here was required to be filed under Florida law in the office of the clerk of court in which the real property subject to the liens was situated.  See Fla. Stat. § 713.901(3)(b).  Plaintiff makes no claim that it was not.  Further, the form and content of such notice is prescribed by the Secretary and "[s]uch notice shall be valid notwithstanding any other provision of law regarding the form or content of a notice of lien."  26 U.S.C. § 6323(f)(4); In re Bertelt, 206 B.R. 579, 583 (Bankr. M.D. Fla. Dec. 17, 1996).  Accordingly, the alleged lack of certification of the notice in accordance with the uniform act does not affect the validity of the notice. Bertelt, 206 B.R. at 584; Ridenbaugh v. Long, 246 F. Supp. 2d 849 (S.D. Ohio 2002).

Even though the court construes the Complaint liberally in Plaintiff's favor, Plaintiff's action appears " based on an indisputably meritless legal theory" and "has little or no chance of [succeeding on the merits]."  In such circumstances, dismissal of this action as frivolous is appropriate and mandated by 28 U.S.C. § 1915(e)(2)(B)(i).

### III.

For the foregoing reasons, I recommend that the court DENY Plaintiff's application to proceed *in forma pauperis* (Docs. 2) and to DISMISS this action with prejudice.

    Respectfully submitted on this
    11th day of July 2007.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

## **NOTICE TO PARTIES**

Failure to file written objections to the proposed findings and recommendations contained in this report within ten days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal and a *de novo* determination by a district judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; M.D. Fla. R. 6.02; see also Fed. R. Civ. P. 6; M.D. Fla. R. 4.20.


Copies to:
The Honorable James D. Whittemore, United States District Judge
Pro se Plaintiff